IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN LAMAR DAVIS,
    Petitioner,

v.                                        Case No. 3:09cv336/LC/CJK

KENNETH S. TUCKER,[1]
    Respondent.
_____

ORDER and
REPORT AND RECOMMENDATION

    Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 19). Petitioner has not replied, although given the opportunity to do so. (*See* Doc. 21). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

    On May 17, 2007, petitioner was charged in Escambia County Circuit Court

---

[1]Kenneth S. Tucker succeeded Edwin G. Buss as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

Case Number 07-CF-2024 with Trafficking in Cocaine (Count 1), Aggravated Assault on a Law Enforcement Officer (Count 2), and Introducing Contraband into a County Detention Facility (Count 3). (Doc. 19, Ex. A, p. 1).[2] The offenses were alleged to have occurred on April 26, 2007. (*Id*.). On October 19, 2007, petitioner was found guilty by jury verdict of Trafficking in Cocaine (as charged in Count 1), Assault on a Law Enforcement Officer (a lesser included offense of that charged in Count 2), and Introduction of Contraband into a County Detention Facility (as charged in Count 3). (*Id*., p. 14). Petitioner was adjudicated guilty and sentenced on October 19, 2007, to 8 years imprisonment on Count 1 (with a 3-year mandatory minimum), and a concurrent 5-year term of imprisonment on Count 3. Petitioner was sentenced to time served on Count 2. (*Id*., pp. 20-27). Petitioner appealed, raising one issue: "The Trial Court's Denial Of [Petitioner's] Motion For Judgment Of Acquittal On The Charge of Trafficking In Cocaine Was Error; Trial Evidence Was Also Insufficient To Convict [Petitioner] Of This Charge." (Ex. C). The Florida First District Court of Appeal ("First DCA") per curiam affirmed on February 3, 2009, without written opinion. *Davis v. State*, 1 So.3d 177 (Fla. 1st DCA 2009) (Table) (copy at Ex. F). Petitioner's motion for rehearing was denied on April 23, 2009. (Ex. J).

Petitioner filed his federal habeas petition in this Court on August 6, 2009. (Doc. 1). The petition presents two grounds for relief, but raises a single issue: the evidence adduced at petitioner's trial was constitutionally insufficient to convict him of trafficking in cocaine. (*Id*.). The parties agree that petitioner exhausted this issue by raising it on direct appeal, and that the state court denied relief on the merits. (Doc. 1, pp. 4, 6-7; Doc. 19, p. 7).

---

[2]Hereafter, all references to exhibits are to those provided at Doc. 19, unless otherwise noted.

DISCUSSION

Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, — U.S. —, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state

court decision <u>is</u> contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737-38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272,

1287 (11th Cir. 2011) (citing *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard

is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 127 S. Ct. 2842, 2858. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant

to be." *Richter*, 131 S. Ct. at 786.

Within this framework, the Court will review petitioner's claim(s).

Clearly Established Federal Law

In *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), the Supreme Court declared that the Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.*, 397 U.S. at 364, 90 S. Ct. at 1072. In *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the Court held that the standard applicable to a state prisoner's claim that the evidence was constitutionally insufficient to support his conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89, *overruled on other grounds by Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). The Supreme Court instructed that this standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16, 99 S. Ct. at 2792 n.16. A federal habeas court reviewing a state criminal judgment for sufficiency of the evidence must presume the jury resolved any conflicting inferences arising from the facts in favor of the State and against the defendant. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793 ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). This standard "gives full play to the responsibility of the trier of fact

fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001) ("Federal [habeas] courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence.") (citing *Jackson*, 443 U.S. at 326). The test under *Jackson* is a limited one, and it does not require that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Cosby v. Jones*, 682 F.2d 1373, 1383 (11th Cir. 1982); *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987) ("The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief.").

Federal Review of State Court Decision

Petitioner claims here, as he did in state court, that his conviction for trafficking in cocaine violates due process, because there was insufficient evidence of possession. (Doc. 1, p. 4). The state appellate court summarily affirmed petitioner's conviction.

Under Florida law, the elements of trafficking in cocaine are: (1) petitioner knowingly sold, delivered, or possessed a certain substance; (2) the substance was cocaine or a mixture containing cocaine; (3) the quantity of the substance was 28 grams or more; and (4) petitioner knew the substance was cocaine or a mixture containing cocaine. Fla. Stat. § 893.135(1)(b)1. State law defines possession as follows:

> To possess means to have personal charge of or to exercise the right of ownership, management, or control over the thing possessed.
>
> Possession may be actual or constructive. Actual possession means the thing is in the hand of or on the person, or the thing is in a

> container in the hand of or on the person, or the thing is so close as to be[ ] within the ready reach and is under the control of the person.
>
> Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control [ ].
>
> Constructive possession means the thing is in a place over which the person has control or in which the person has concealed it.
>
> If a thing is in a place over which the person does not have control, in order to establish constructive possession, the State must prove the person's control over the thing, knowledge that the thing was within the person's presence, and knowledge of the elicit nature of the thing.
>
> Possession may be joint, that is, 2 or more persons may jointly have possession of an article exercising control over it. In that case each of those persons is considered to be in possession of that article.
>
> If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed. If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.

(Ex. B, pp. 98-100; *see also* Fla. Std. Jury Instr. (Crim.) 25.10; Fla. Stat. § 893.135); *Brown v. State*, 428 So.2d 250, 252 (Fla. 1983) ("Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about the premises and has the ability to maintain control over said substance."); *id*. at 252 ("To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband. ").

"[W]hen a motorist is in the exclusive possession of a vehicle, his knowledge

of cocaine found therein may be inferred." *Parker v. State*, 641 So.2d 483, 484 (Fla. 5th DCA 1994); *see also State v. Odom*, 862 So.2d 56, 59 (Fla. 2nd DCA 2003) ("As the sole occupant and driver of the vehicle, Odom had exclusive possession of the vehicle creating an inference of his dominion and control over the contraband contained therein particularly since the contraband was found lodged between the driver's seat and the console of the car. Likewise, knowledge of the presence of the contraband and its illicit nature could be inferred or presumed because Odom was in exclusive possession of the automobile when it was stopped.") (citations omitted); *Lee v. State*, 835 So.2d 1177, 1180 (Fla. 4th DCA 2002) ("Lee's presence, as driver and sole occupant of the vehicle at the time of his arrest, is sufficient to show he exclusively possessed the vehicle, creating an inference of his dominion and control and guilty knowledge of the marijuana."); *State v. Paleveda*, 745 So.2d 1026, 1038 (Fla. 2nd DCA 1999) ("[K]nowledge of contraband found within an automobile . . . is generally inferred or presumed from one's exclusive possession [of the automobile] unless and until proven otherwise.") (citing cases). "While the presumption of guilty knowledge may be overcome by evidence tending to show a lack of guilty knowledge, merely demonstrating that others theoretically had access to the automobile would not necessarily negate the presumption." *Odom*, 862 So.2d at 59. The question of exclusive possession is properly left to the jury. *See Parker*, 641 So.2d at 484. "[T]he jury is free to believe or disbelieve the defendant." *Id*.

The state court reasonably could have concluded that the evidence was constitutionally sufficient to support petitioner's conviction. Fla. Stat. § 893.135(1)(b)1. The State presented evidence that petitioner was the driver and sole occupant of a vehicle in which more than 28 grams of cocaine was found. (Ex. B, pp.

34-41, 46). Cocaine was found in petitioner's shoe, in the driver's seat (where petitioner was sitting), and in the center console of the vehicle. (*Id*. pp. 38-41). During a later search of the vehicle, officers removed a cup holder that slid into an interior panel of the driver's door. (*Id*., p. 51). Inside the cup holder was a large quantity of crack cocaine in cookie form. (*Id*., pp. 51-53). The cocaine was in an Enfamil can. (*Id*., pp. 46, 52). The State and defense stipulated that all the cocaine seized on April 26, 2007 from petitioner and from the inside of the vehicle was tested by FDLE and found to be cocaine with a total weight in excess of 28 grams. (*Id*., pp. 56-57). The vehicle was registered to petitioner's mother, (*id*., p. 66), but petitioner was driving it when it was stopped, and petitioner was twice seen driving the vehicle in the 2-3 week period preceding the stop. (*Id*., p. 49). Petitioner was seen near the vehicle on other occasions prior to the stop. (*Id*.). Petitioner was seen driving the vehicle even after his arrest on the trafficking charge. (*Id*.). Police found $1,400.00 in cash on petitioner when he was searched at the scene. (*Id*., p. 44).

 Based on the State's evidence, a rational trier of fact could have found the essential elements of trafficking in cocaine beyond a reasonable doubt. As to the element of possession, a rational jury could have found beyond a reasonable doubt that petitioner was in exclusive possession of the vehicle when it was stopped. From that finding, a rational jury could reasonably have presumed or inferred that petitioner knew of the cocaine found in his shoe and in the vehicle. Although petitioner could have overcome that presumption, he presented no testimony and merely argued that because his mother owned the vehicle, others theoretically had access to it. (Ex. B, pp. 73-74, 89-92). The jury disbelieved the defense theory, and found the element of possession (and all other elements of the trafficking charge) beyond a reasonable

doubt. The state courts' rejection of petitioner's claim(s) was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Petitioner is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Kenneth S. Tucker has been

substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Kevin Lamar Davis* in the Circuit Court for Escambia County, Florida, Case No. 07-CF-2024 be DENIED, and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 14th day of March, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).